NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| DAVID MULHOLLAND, et al. | : | |
| Plaintiffs, | : | |
| | : | Civil Action No. 09-4322 (JAP) |
| v. | : | |
| THOMAS JEFFERSON UNIVERSITY HOSTPIALS, et al. | : | **OPINION** |
| Defendants. | : | |

PISANO, District Judge.

Plaintiffs David Mulholland and his wife Megan Mulholland bring this diversity action against Thomas Jefferson University Hospitals ("Hospital") and certain physicians and medical staff alleging professional negligence and other state law claims arising from David Mulholland's kidney transplant surgery in 2007. Defendants move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) alleging that Defendant George C. Francos, M.D., is a citizen of New Jersey and, therefore, the Court lacks diversity jurisdiction over this matter.[1] Defendants also move pursuant to Rule 12(b)(6) to dismiss Plaintiffs' claims for fraudulent misrepresentation, lack of informed consent, assault and battery, and punitive damages. For the reasons below, Defendants' motion is granted in part and denied in part, and Plaintiffs' claims for fraudulent misrepresentation, lack of informed consent, assault and battery, and punitive damages are dismissed without prejudice to Plaintiffs filing an amended complaint.

---

[1] Plaintiffs are citizens of New Jersey.

**I.     Background[2]**

Plaintiff David Mulholland ("Plaintiff") was diagnosed with polisistic kidney disease in 1987.  Compl. ¶ 1.  In March 2007, a co-worker agreed to donate a kidney to Plaintiff, and the process of planning for the transplant took place during spring and summer of that year.  *Id.* ¶ 2-3.  Blood tests were done on Plaintiff, which showed that Plaintiff was positive for the HHV-6 virus.  *Id.* ¶ 5, 7.  Plaintiff alleges that his doctors failed to advise him "of his positive test for HHV-6 as such status related to the risks and benefits associated with the success of the transplant surgery."  *Id.* ¶ 15.

The blood work done on Plaintiff also showed that Plaintiff tested negative for the CMV virus.  *Id.* ¶ 10.  However, blood test showed that the donor was positive for the CMV virus.  *Id.*  After the transplant surgery, Plaintiff began "suffering symptoms of CMV virus and tested positive for the virus."  *Id.* ¶ 11.  Plaintiff did not learn that his donor had tested positive for CMV until sometime in or about January 2008, after undergoing surgery.  *Id.* ¶ 13.  Plaintiff's wife, co-plaintiff in this action, tested negative for the CMV virus prior to the transplant surgery but contracted the virus from Plaintiff following the surgery.  *Id.* ¶ 12.  According to Plaintiff, if he had been advised by defendants of the donor's positive CMV blood test result or his own positive HHV-6 result, he would have chosen to receive a kidney from his wife rather than the donor.  *Id.* ¶ 16.

The complaint contains five counts, captioned as follows:  Count One – Lack of Informed Consent; Count Two – Assault and Battery; Count Three – Professional Malpractice; Count Four – Negligence; and Count Five – Fraudulent Misrepresentation.

---

[2] For the purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept Plaintiffs' allegations, along with all reasonable inferences that may be drawn from them, as true.  *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir. 2001).  This statement of facts, therefore, is drawn from Plaintiff's complaint and does not represent the factual findings of the Court.

2

**II.     Analysis**

A.  Non-Diverse Defendant

Defendants move to dismiss this matter for lack of subject matter jurisdiction, alleging a lack of complete diversity between the parties.  In opposition to Defendants' motion, Plaintiffs concede that defendant Francos is non-diverse and request leave to file an amended complaint to remove him from the case.  Defendants, having submitted no reply brief, apparently do not oppose this request.

Pursuant to Federal Rule of Civil Procedure 15, leave to amend the pleadings is generally given freely.  *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir.2000).  Further, under Rule 21, a court has the authority to dismiss a non-diverse party to maintain jurisdiction if that non-diverse party is dispensable.  *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 421 (3d Cir. 2010). In the context of a party seeking to amend a complaint to drop a non-diverse party, the Third Circuit has stated that "nothing prevents a district court from granting a party leave to amend its complaint to assert a new basis for subject matter jurisdiction, provided that the amendment is not unduly delayed, advanced in bad faith, or prejudicial to the opposing party."  *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992).  None of those factors are present here.  Defendants' motion to dismiss for lack of subject matter jurisdiction, therefore, is denied, and Plaintiff will be permitted to amend his complaint to remove Francos as a defendant.

B.  Fraudulent Misrepresentation Claim

Defendants assert that Plaintiff's fraudulent misrepresentation claim (Count Five of the complaint) should be dismissed under Federal Rule of Civil Procedure 12(b)(6).   Under

Rule 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court addressed the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  In *Twombly*, the Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

More recently, the Supreme Court has emphasized that, when assessing the sufficiency of a civil complaint, a court must distinguish factual contentions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  A complaint will be dismissed unless it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Id. at 1949 (quoting *Twombly*, 550 U.S. at 570.)  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its

4

judicial experience and common sense." *Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (citations omitted).

In Count Five of the complaint, Plaintiff alleges that defendants intentionally withheld information from him before the transplant surgery regarding the donors CMV status and "intentionally failed to advise [him] of the risks and benefits associated with both the donor[']s positive test for CMV and his own positive test for HHV-6." Compl., Count Five, ¶ 4. Plaintiff further alleges he reasonably relied upon "false and incomplete representations of the defendants in making the decision to submit to [the] kidney transplant from the alternative donor." *Id.*, ¶ 5. As a result, Plaintiff alleges damages in the form of "serious and permanent personal injury, emotional distress, loss of quality of life, loss of income, future loss of income and additional damages and injury that will he will continue to suffer in the future." *Id.* ¶ 6.

Under New Jersey law,[3] fraudulent misrepresentation "consists of a material representation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in reliance by that party to his detriment." *DiMare v. MetLife Ins. Co.*, 2010 WL 729500, *4 (3d Cir. March 4, 2010) (citing *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 376 (3d Cir.1999)). When bringing such a claim in federal court, pleading rules require that a party "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Rule 9(b) requires a party to "state the circumstances of the alleged fraud with sufficient particularity to place the defendant on notice of the 'precise misconduct with which [it is] charged.' " *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (alteration in original) (quoting *Lum v. Bank of Am.*, 361 F.3d

---

[3] The parties agree that New Jersey law governs Plaintiff's claims.

217, 223-24 (3d Cir.2004)).  A plaintiff is therefore required to state "the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico*, 507 F.3d at 200.

Here, Plaintiff has failed to allege his fraud claim with the requisite specificity.  First, although he claims to have relied upon "false and incomplete representations of the defendants," he utterly fails to identify any such "representations."  *See* Compl., Count Five, ¶ 5.  The complaint alleges that defendants withheld certain information from Plaintiff,[4] but it is unclear whether Plaintiff is alleging that the withheld information rendered the unidentified "representations" incomplete and, therefore, fraudulent, or whether Plaintiff is attempting to maintain a fraud claim based solely upon actions of defendants in withholding this information from Plaintiff, or both.  In any event, the complaint has not set "the date, time and place" of the alleged fraud, nor does it otherwise contain any "precision or some measure of substantiation" with respect to the fraud allegation.  Count Five, therefore, shall be dismissed.

C.  Lack of Informed Consent/Assault and Battery Claims

Count One (Lack of Informed Consent) alleges that defendants failed to obtain informed consent from Plaintiff because the defendants failed to advise Plaintiff that he tested positive for HHV-6 and that the donor tested positive for CMV virus, and failed to advise him of the risks associated with these findings.  Count Two (Assault and Battery) simply incorporates all of the facts pled in Count One and alleges that the failure to obtain informed consent constituted "an assault and battery" against Plaintiff.

Defendants first argue these Counts should be dismissed because Plaintiff fails to state with specificity which defendant performed the surgery and which defendant had the

---

[4] Here, Plaintiff does not allege which defendants, for example, had knowledge of the donor's CMV status and who withheld such information from Plaintiff.

6

responsibility to obtain Plaintiff's informed consent.  Instead, the complaint alleges that more generally that "*defendants* owed a duty to plaintiff" to inform him of the risks and that "defendants" breached this duty.  Compl. ¶ 14, 15 (emphasis supplied).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Generally, Rule 8 is satisfied where the complaint provides a "statement sufficient to put the opposing party on notice of the claim." *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir.2001). Here, Counts One and Two have satisfied the requirements of Rule 8 and suffice to put Defendants on notice of the claims against them.  Failure to provide more specificity, such as identifying which defendant performed the surgery, is simply not required.[5]

Counts One and Two allege that each defendant owed a duty to Plaintiff to obtain his informed consent.  *See* Compl., Count One ¶ 14 ("defendants owed … a duty to inform [Plaintiff] of information that a reasonably prudent patient would find necessary to evaluate the risks and benefits …."). Defendants contend that neither defendant Jean Novak, a registered nurse, nor the Hospital, a corporate entity, have an independent duty to obtain informed consent from Plaintiff, and, therefore, to the extent that Claims One and Two are brought against those defendants, they should be dismissed.

A tort based upon a lack of informed consent recognizes a separate duty, emphasizing the physician's obligation to inform, as well as treat, the patient. *Matthies v. Mastromonaco*, 160 N.J. 26, 39, 733 A.2d 456 (1999).  New Jersey's Supreme Court has noted that "[t]he underlying basis for the doctrine of informed consent is a patient's right of self-determination, the right to intelligently decide whether to choose or decline a particular medical procedure."

---

[5]  Indeed, the Court presumes that each defendant would know whether he or she performed a kidney transplant on Plaintiff.

*Acuna v. Turkish*, 192 N.J. 399, 414-415, 930 A.2d 416, 425 (2007).  Notably, "[t]he informed consent doctrine has evolved from a concept originally sounding in battery to a firmly established principle of negligence involving the duty of care a doctor owes his patient."  *Id.*  As such, in New Jersey, the theory of informed consent deals specifically with a "*physician's* failure to adequately disclose material information to a patient."  *See Carr v. Brezel*, 2006 WL 657380, *5 (N.J. Super. App. Div., March 16, 2006) (emphasis in original).  Because there is no physician-patient relationship between a hospital and a patient, one New Jersey appellate court has held that a negligence claim based on a lack of informed consent cannot be maintained against a hospital.  *See Carr*, 2006 WL 657380, *5  ("we find no duty on the part of the hospital to disclose information regarding the risks of a particular procedure to plaintiff").[6]

Similarly, Plaintiff points the Court to no New Jersey decision, and the Court has found none, that creates an independent duty for a hospital's nurse[7] to obtain informed consent.[8]  The highest court of at least one state has addressed the question, and has found that no such duty exists.  *See Wells v. Storey*, 792 So.2d 1034, 1038 (Ala. 1999) (declining to create an independent duty that requires hospitals and nurses to obtain informed consent from a patient and noting that courts in approximately one-half of states that have addressed "the question [of] whether nurses and hospitals have an independent duty to obtain the informed consent of a patient … have uniformly held that the duty to obtain a patient's informed

---

[6] One New Jersey decision does leave open the possibility that a hospital may have a duty of obtaining informed consent from those undergoing experimental treatment when the hospital permits clinical research to be performed on its premises, *see Baird v. Am. Med. Optics*, 301 N.J. Super. 7, 693 A.2d 904 (App. Div. 1997), but no such facts are alleged in this case.
[7] Plaintiff alleges that Novack was a registered nurse who was the "transplant coordinator for the defendant hospital." Compl. ¶ 7.
[8] It should be noted that Plaintiffs have failed to provide the Court with *any* citations to legal authority in support of their arguments opposing this motion, with the exception their reference to one decision cited by Defendants that Plaintiffs attempt to factually distinguish.

consent rests solely with the patient's physician, rather than with a hospital or its nurses.") (citing cases).  The *Wells* court explained one rationale for such a result:

> Although a hospital employee has the necessary skill and expertise to perform a procedure for which the employee has been trained, the employee does not necessarily have the requisite knowledge of a particular patient's medical history, diagnosis, or other circumstances which would enable the employee to fully disclose all pertinent information to the patient. Without such knowledge, an employee's explanation of the risks and benefits of a procedure could be incomplete and might emphasize the risks inherent in any procedure without adequately describing the benefits and the specific reasons for which the physician ordered the procedure.  The physician is uniquely qualified through education and training, and as a result of his or her relationship to the patient, to determine the information that the particular patient should have in order to give an informed consent.

792 So.2d at 1038 (citations omitted) (quoting *Johnson v. Sears, Roebuck & Co.*, 832 P.2d 797, 799 (N.M. Ct. App. 1992).

When a federal court exercising diversity jurisdiction is applying state law, and there is an absence of a definitive ruling on an issue by that state's highest court, the federal court must predict how that state court would rule if faced with that issue.  *Covington v. Continental General Tire*, Inc., 381 F.3d 216, 218 (3d Cir. 2004).  "In carrying out that task, [the federal court] must consider relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Id.* (quoting *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir.1993).  In light of the relevant precedents and other authorities cited above, this Court predicts that, under the facts as presently pled in the complaint, the New Jersey Supreme Court would find that no independent duty to provide informed consent existed for Novak or the Hospital.  Consequently, Counts One and Two of the complaint shall be dismissed as to Novak and the Hospital.

D. Punitive Damages

Defendants contend that Plaintiffs' claim for punitive damages fails because Plaintiffs have not pled facts sufficient to support a such a claim. Defendants allege that Plaintiff must plead facts indicating that defendants actions were malicious, wanton, reckless, or oppressive. Plaintiffs seeks punitive damages in connection with Count Two and Count Four, his claims for battery and negligence.[9]

Under New Jersey law, punitive damages are available "only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by actual malice or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts or omissions." N.J.S.A. 2A:15-5.12. Here, Plaintiff's complaint alleges that he was unable to give his informed consent to transplant surgery because defendants did not advise him of certain blood test results. He fails allege any "actual malice" or "wanton and willful" conduct on the part of any defendant, and therefore, fails to allege any facts that could support a claim for punitive damages. Consequently, his claims for punitive damages shall be dismissed.

## III. Conclusion

For the reasons stated above, Defendant's motion is granted in part and denied in part. Plaintiff's claims for fraudulent misrepresentation, lack of informed consent (against Hospital and Novak), battery (against Hospital and Novak) and punitive damages are dismissed pursuant to Rule 12(b)(6). The Third Circuit has "instructed that if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile.") *Phillips v. County of Allegheny*, 515 F.3d 224,

---

[9] Plaintiff also seeks punitive damages in connection with Count Five for fraudulent misrepresentation, which the Court dismissed *supra*.

236 (3d Cir. 2008).  Therefore, the Court shall grant Plaintiffs 20 days to file an amended complaint to remove any claims against Dr. Francos and to add allegations to cure any of the deficiencies identified in this Opinion.  If Plaintiff fails to timely file an amended complaint, the dismissal of Counts One, Two and Five shall be deemed to be with prejudice.

/s/ JOEL A. PISANO
United States District Judge

Dated:  July 20, 2010